UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:22-CV-02369-m |
| PROVIDENT HOSPITALITY HOLDINGS, LLC | § § § | |
| Defendant. | § § | |

**TRISURA'S FIRST AMENDED COMPLAINT FOR RESCISSION, DECLARATORY JUDGMENT, AND INTERPLEADER**

Plaintiff, Trisura Specialty Insurance Company ("Trisura") brings this action for Rescission, Declaratory Judgment, and Interpleader against Provident Hospitality Holdings, LLC ("Provident") and states as follows:

**NATURE OF THE ACTION**

1. This is a civil action pursuant to 28 U.S.C. Section 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure for rescission of and declaratory judgment concerning a series of commercial general liability and excess insurance policies that Plaintiff Trisura issued to Defendant Provident. Trisura has given notice to Provident that it has rescinded six insurance policies that it issued to Provident, and which were in effect over a three year period. Trisura is seeking judicial confirmation of that rescission.

2. Plaintiff Trisura is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. As alleged more fully below, federal court jurisdiction of this matter is authorized pursuant to 28 U.S.C. Section 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. Based on an application for insurance signed on November 14, 2019 by Provident's representative Mason Miller, Trisura issued commercial general liability policy number OSU1000613-00 to Provident for the period from October 25, 2019 to October 25, 2020 ("2019 CGL Policy"). Based on the November 14, 2019 application, Trisura also issued excess liability policy number OSUXL10000009-00 to Provident ("2019 Excess Policy"). Provident is the named insured under these policies pursuant to the terms and conditions of the policies and applicable law. Provident also submitted applications to Trisura for the renewal of the 2019 CGL Policy and 2019 Excess Policy. Trisura issued two renewal CGL and excess policies for the time periods from October 25, 2020 to October 25, 2021 and October 25, 2021 to October 25, 2022. All of these policies insured a number of hotel properties owed by Provident and operated across several states.

4. Although no suit has been filed, Provident has recently been accused of allowing a sex trafficking ring to operate at its property located at 4820 W. Reno Avenue, Oklahoma City, Oklahoma. Upon learning of these serious criminal allegations, Trisura began to investigate this hotel property and discovered that local police were summoned to the Reno Avenue property on a near daily basis before the November 14, 2019 application was signed. On its applications for coverage, the purported insured, Provident, warranted that no crimes had occurred or been attempted at any of its hotel properties within the three (3) year time period before the application was signed. In addition to the three-year period preceding the execution of the 2019 application, extensive criminal activity was also discovered at the Reno Ave location before Provident submitted its renewal application to Trisura on or about November 2, 2020 and before it submitted its second renewal application on or about November 19, 2021. On these renewal applications, Provident also warranted that no crimes had occurred or been attempted on its premises.

5. Trisura also discovered that in addition to the Reno Avenue property, several of Provident's other hotels named as insured locations under the policies have been the sites of serious and frequent criminal activity in the time periods preceding the applications submitted for each policy period.

6. Provident's insurance applications contained misrepresentations that were material to the risk insured. Provident, in response to specific questions, failed to disclose the criminal activity that had taken place at its properties. The applications specifically asked if any crimes or attempted crimes had taken place on its premises, and Provident answered "NO," which Trisura recently learned from police records, was patently false.

7. Trisura seeks equitable rescission of the three commercial general liability insurance policies and the three excess liability policies that it issued to Provident because of misrepresentations made by Provident, which were material to the risk assumed by Trisura, and on which Trisura relied in deciding to issue the insurance policies to Provident.

8. By letter dated October 12, 2022, Trisura, through its administrator, Origin Specialty Underwriters, sent a Tex. Ins. Code Sec. 705.005(b) notice letter to Provident setting forth the material representations that Trisura believes are false, and notifying Provident that it will refuse to be bound by the commercial general liability policies and the excess liability policies issued to Provident.

9. Accordingly, as fully set forth below, Trisura petitions this Court for a judicial declaration that Trisura is entitled to rescind the policies issued to Provident, and that the rescission rendered all the policies void *ab initio*, on the grounds that they were issued in reliance on the materially false representations in the application(s).

10. As part of its claim for rescission, Trisura has filed a motion for leave pursuant to Local Rule 67(b) to deposit all of the premiums paid by Provident for the six policies at issue into the registry of this Court, with such funds to be paid to Provident on entry of judgment rescinding the applicable Trisura policies and declaring them void *ab initio*. Trisura has provided Provident with notice of its intent not to be bound by policies within the requisite time period required by Texas Insurance Code §705.005. Accordingly, Trisura has complied with all conditions to rescission under Chapter 705 of the Texas Insurance Code.

## THE PARTIES

11. Plaintiff Trisura Specialty Insurance Company is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

12. Defendant Provident Hospitality Holdings, LLC, is a Delaware limited liability company with its registered office at 1209 Orange Street, Wilmington, DE 19801. Upon information and belief, all of Provident's members are natural persons or corporate entities who are citizens of Texas and/or whose principal place of business is in Texas. Upon information and belief, none of Provident's members are citizens of Oklahoma. Provident has appeared in this action.

13. Third Party Defendant The Aegis Group, LLC ("Aegis") has appeared in this action.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a). Diversity of citizenship exists completely between Plaintiff and Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Provident is a named insured under a series of commercial general liability policies and excess liability policies, which Trisura issued to Provident beginning on October 25, 2019 and continuing through October 25, 2022. The commercial general liability policies each have a $1,000,000 per claim limit of liability and a $2,000,000 aggregate limit of liability. The excess liability policies each have a $5,000,000 limit of liability per claim and in the aggregate.

16. This Court has personal jurisdiction over Defendant because Defendant is present in and is conducting business in Texas, and it engaged in activities in Texas that gave rise to Plaintiff's claims.

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. The Trisura insurance policies were issued in Texas to Provident and its principal office address of 10210 Central Expressway, Suite 300, Dallas, Texas 75231.

## FACTUAL BACKGROUND

### *Provident's Applications for Insurance and the Policies*

18. On or about November 14, 2019, Provident, through its agent, Andy Frieze with The Aegis Group, LLC submitted a Commercial Insurance Application to Trisura ("2019 Application"). Through the 2019 Application, Provident applied for both CGL and excess liability coverage with Trisura. This application was signed by Provident's representative, Mason Miller, and asked Provident the following question:

20. Have any crimes occurred or been attempted on your premises within the last three (3) years?

    Provident answered "No."

17. When the 2019 policies were set to expire, Provident, through its agent, Aegis, submitted a Commercial Insurance Application for renewal of its commercial general liability

insurance policy and its excess liability policy ("2020 Application"). This application was electronically signed by Mason Miller and Andy Frieze with Aegis, who was acting as Provident's agent for purposes of procuring insurance coverage. The 2020 Application asked:

> 20. Have any crimes occurred or been attempted on your premises within the last three (3) years?
>
> Provident answered "No."

18. When the 2020 policies were set to expire, Provident submitted to Trisura a Commercial Insurance Application seeking renewal of its commercial general liability and excess liability policies ("2021 Application"). The 2021 Application was submitted to Trisura by Provident's insurance agent, JKL Group, LLC. Like the previous two applications, the 2021 Application asked the following question:

> 20. Have any crimes occurred or been attempted on your premises within the last three (3) years?
>
> Provident answered "No."

19. Through its initial 2019 Application, Provident requested a commercial general liability policy and an excess liability policy effective from October 25, 2019 to October 25, 2020, and Trisura issued Commercial General Liability policy number OSU1000613-00 to Provident ("2019 CGL Policy"). Trisura issued Commercial Excess Liability policy number OSUXL1000009-00 to Provident ("2019 Excess Policy").

20. Through its 2020 Application, Provident requested renewal of its commercial general liability and excess liability coverage for the policy period effective from October 25, 2020 to October 20, 2021. Trisura renewed Provident's coverage and issued Commercial General Liability policy number OSU1000613-01 ("2020 CGL Policy"). Trisura also renewed Provident's

excess coverage, and issued Commercial Excess Liability policy number OSUXL1000009-01 ("2020 Excess Policy").

21. Through its 2021 Application, Provident requested renewal of its commercial general liability and excess liability coverage for the policy period effective from October 25, 2021 to October 20, 2022. Trisura renewed Provident's coverage and issued Commercial General Liability policy number OSU1003676-00 ("2021 CGL Policy"). Trisura also renewed Provident's excess coverage, and issued Commercial Excess Liability policy number OSUXL1000332-00 ("2021 Excess Policy").

22. Each application contains a warranty on the signature page that provides:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

23. Question 20 on each of the applications directly asked Provident whether any crimes had occurred or been attempted on its premises within the last three years, and Provident answered "NO." Trisura has discovered that Provident's answers were materially false, as local police records revealed a plethora of criminal activity taking place at not only the Reno Avenue property in Oklahoma City, but also at other insured locations.

24. Provident knew or had constructive knowledge that this criminal activity was occurring because often the police calls would involve the staff of the hotel properties. According to police reports, staff were routinely asked for camera footage related to the criminal activity, staff gave statements to the police about reported crimes on the property, and sometimes staff were victims of the crimes reported.

25. Police reports from the relevant jurisdictions show that police were summoned to the insured's properties on almost a daily basis to investigate a variety of criminal accusations. The following is a brief sample of some of the crimes occurring before the various applications were signed at the Reno Avenue location alone:

- 1-27-18 – **Assault with a Dangerous Weapon** - Hotel front desk employee called police and reported that a patron of the hotel grabbed a front desk monitor and hit her in the face with it causing serious injury.
- 5-11-18 – **Larceny** – Hotel patron reports that luggage was stolen from his room.
- 5-17-18 – **Larceny** – Hotel patron reports that his clothes and luggage were stolen from laundry room of hotel. Police officer spoke to hotel staff about video footage of the area and the employee told police this was not the first time this has happened.
- 5-24-18 – **Burglary** – Car in hotel parking lot was broken into and possessions stolen.
- 6-9-18 – **Burglary** – Hotel patron reports that someone at the property used a master key card to enter his room and steal his property. Hotel staff told police they could get access to video footage of the incident.
- 8-21-18 – **Assault and Battery** – Hotel patron reports she was assaulted in the hotel lobby. Hotel staff showed police video footage of area, which confirmed the victim's account.
- 9-17-18 – **Larceny of a Vehicle** – Hotel patron reports her vehicle was stolen from the parking lot.
- 9-25-18 – **Larceny of a Vehicle** – Hotel patron reports his vehicle was stolen from the parking lot.
- 10-13-18 – **Burglary** – Police responded to an auto burglary in progress call. The police apprehended the suspects who were arrested at the hotel.
- 10-18-18 – **Prostitution** – Police arrested person who was charged with engaging in prostitution on the property.
- 6-10-19 – **Theft** – Auto burglarized in the hotel parking lot.
- 6-11-19 – **Theft** – Hotel patron reported his car was burglarized. Hotel staff discussed the incident with police and told them there was no video footage available.
- 6-15-19 – **Theft** – Hotel patron reported his vehicle has been burglarized in the parking lot. Hotel staff told police that several auto burglaries had occurred this same night.
- 6-26-19 – **Vandalism** – Car windows broken out while on hotel property.
- 7-27-19 – **Auto Theft** – Car stolen from hotel parking lot.
- 9-21-19 – **Assault** – Hotel patron reports he was assaulted on the hotel property.
- 9-29-19 – **Vandalism** – Hotel patron reported her car was keyed in the parking lot. Police spoke to hotel employee to try and obtain video footage of the area.

- 10-26-20 – **Theft** – Hotel patron reported she was pickpocketed in the hotel parking lot.
- 9-6-21 – **Robbery** – Hotel patron reports she was hit in the head and her money was stolen. Hotel staff told police that they have video surveillance footage of the area where the robbery occurred.
- 10-16-21 – **Forcible Rape -** Hotel patron reports that she was raped at the hotel.

26. The crime reports discussed above are but a mere fraction of police calls and reported offenses occurring on a frequent basis at the Reno Avenue property alone. Police records from this location as well as the insured's other locations show literally hundreds of police calls related to criminal activity and numerous arrests on the insured's properties. Police call logs demonstrate that drug charges, weapons violations, thefts, and assaults (as well as other serious offenses) were a regular occurrence at the insured's hotel properties.

27. Provident's representations that no crimes had occurred or been attempted on its premises were blatantly false and made with intent to deceive Trisura and induce issuance of the policies. Provident committed this same material misrepresentation on not one, but all three applications for coverage.

28. The insurance policies that Trisura issued to Provident contain the following language:

> In consideration of the payment of premium and in reliance upon statements made in the application, this policy including all endorsements issued herewith shall constitute the contract between Company and Named Insured…

29. The policies also contain the following language:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

6.  **Representations**

By accepting this policy, you agree:

a.  The statements in the Declarations are accurate and complete;

b.  Those statements are based upon representations you made to us; and

        c.      We have issued this policy in reliance upon your representations.

30.      In the applications for coverage and in the policies, Provident warranted that the information it provided to Trisura was accurate and complete.

31.      Had Trisura known that Provident had blatantly misrepresented that there was no criminal activity on its property, it would not have issued any of the policies to Provident.

32.      Provident is claiming that its franchise agreements required it to maintain insurance covering its properties. Provident was motivated to deceive Trisura into issuing the policies because it did not want to risk potentially breaching the franchise agreements by not having any coverage in place.

33.      Provident's misrepresentations in denying that any criminal activity had occurred on its properties within three years before each policy was issued contributed to the contingency involving Provident and the current sex trafficking allegations. Because numerous crimes had occurred unabated on Provident's hotel properties (and often with hotel employee knowledge), it was more likely that other crimes would occur after the policies were issued, such as the current sex trafficking allegations.

### The Underlying Claim

34.      Kyle and Alyssa Morris claim that their minor daughter was brought to the insured's Reno Avenue location in April 2022, and that the hotel employees there facilitated sex trafficking activities by allegedly renting multiple hotel rooms to a registered sex offender using a fake identification card. The Morrises claim that while on the property, their daughter was sexually exploited. The Morrises have advised that they intend to pursue claims of negligence, negligent hiring and retention, negligent security, gross negligence, assault, premises liability, and claims

under the Trafficking of Persons provisions found in Texas Civil Practice and Remedies Code Chapter 98.

35. Trisura learned about these allegations on or about May 9, 2022 when Provident provided it with a copy of a letter from the Morris's attorney threatening legal action against Provident.

### The Tex. Ins. Code Sec. 705.005(b) Notice

36. After Trisura received notice of the loss from Provident on May 9, 2022, several concerns were raised that prompted Trisura to further investigate the insured's properties. During this investigation, Trisura learned that many criminal offenses had occurred on Provident's premises.

37. Trisura examined the representations that Provident made in each of its applications for coverage, and determined that Provident had made misrepresentations in its applications. These misrepresentations were material to the risk Trisura agreed to assume by issuing the CGL and Excess policies to Provident.

38. By letter dated October 12, 2022, which was sent to Provident via certified mail, return receipt requested, before the 91st day after Trisura discovered the falsity of Provident's representations, Trisura gave notice to Provident, pursuant to Tex. Ins. Code Sec. 705.005(b), that Trisura will refuse to be bound by the 2019 CGL Policy, the 2019 Excess Policy, the 2020 CGL Policy, the 2020 Excess Policy, the 2021 CGL Policy, and the 2021 Excess Policy. Once this action has commenced, Trisura will file a motion for leave pursuant to Local Rule 67(b), requesting to deposit funds representing all of the premiums paid by Provident for the six Trisura policies into the registry of this Court, with said funds to be paid to Provident upon entry of a judgment rescinding the policies and declaring them void *ab initio*.

**FIRST CAUSE OF ACTION**
**RESCISSION OF THE 2019 CGL POLICY AND 2019 EXCESS POLICY**

39. In support its First Cause of Action, Trisura incorporates the statements made in the preceding paragraphs.

40. Trisura is entitled to rescind the 2019 CGL Policy and the 2019 Excess Policy, pursuant to Texas Insurance Code Chapter 705.

41. Provident warranted that the statements in the 2019 Application were true and correct, and that it had made reasonable inquiry to ensure the accuracy of its representations. Provident misrepresented to Trisura that no crimes had occurred or been attempted at its premises in the past three years.

42. On October 25, 2019, in reliance on Provident's representations in the 2019 Application, Trisura issued the 2019 CGL Policy and 2019 Excess Policy to Provident.

43. Provident understood that the representations made in the 2019 Application would be considered in deciding whether to issue the 2019 CGL Policy and the 2019 Excess Policy.

44. The 2019 Application was false in a material point, at the very least, because Provident untruthfully represented, with intent to deceive Trisura, that no crimes had occurred or been attempted on its premises during the three-year period preceding the date of the 2019 Application. Provident warranted that it had made reasonable inquiry in order to obtain the answers to the questions on the 2019 Application. With even the most minimal inquiry, Provident must have known about the circumstances surrounding the criminal activity at its properties.

45. Trisura issued the 2019 CGL Policy and 2019 Excess Policy in reliance on the materially false 2019 Application. Had Trisura been aware of the omitted facts, circumstances, and situations, it would not have issued the 2019 CGL Policy and 2019 Excess Policy at all, let alone for the same premium and on the same terms and conditions.

46. Notice of rescission is hereby given, and once this action has commenced, Trisura will file a motion under Local Rule 67(b), requesting leave of court to deposit Provident's premiums in the sum of $111,654.25 into the Court's registry, to be paid to Provident on entry of judgment rescinding the 2019 CGL Policy and the 2019 Excess Policy and declaring them void *ab initio*.

## SECOND CAUSE OF ACTION
## RESCISSION OF THE 2020 CGL POLICY AND 2020 EXCESS POLICY

47. In support its Second Cause of Action, Trisura incorporates the statements made in the preceding paragraphs.

48. Trisura is entitled to rescind the 2020 CGL Policy and the 2020 Excess Policy, pursuant to Texas Insurance Code Chapter 705.

49. Provident warranted that the statements in the 2020 Application were true and correct, and that it had made reasonable inquiry to ensure the accuracy of its representations. Provident misrepresented to Trisura that no crimes had occurred or been attempted at its premises in the past three years.

50. On October 25, 2020, in reliance on Provident's representations in the 2020 Application, as well as the representations made in the 2019 Application, which caused Trisura to initially accept this risk, Trisura renewed Provident's coverage, and issued the 2020 CGL Policy and 2020 Excess Policy.

51. Provident understood that the representations made in the 2020 Application would be considered in deciding whether to issue the 2020 CGL Policy and the 2020 Excess Policy.

52. The 2020 Application was false in a material point, at the very least, because Provident untruthfully represented, with intent to deceive Trisura, that no crimes had occurred or been attempted on its premises during the three-year period preceding the date of the 2020

Application. Provident warranted that it had made reasonable inquiry in order to obtain the answers to the questions on the 2020 Application. With even the most minimal inquiry Provident must have known about the circumstances surrounding the criminal activity at its properties.

53. Trisura issued the 2020 CGL Policy and 2020 Excess Policy in reliance on the materially false 2020 Application and the materially false 2019 Application. Had Trisura been aware of the omitted facts, circumstances, and situations, it would not have issued the 2020 CGL Policy and 2020 Excess Policy at all, let alone for the same premium and on the same terms and conditions.

54. Notice of rescission is hereby given, and once this action has commenced, Trisura will file a motion under Local Rule 67(b) requesting leave of court to deposit Provident's premiums in the sum of $134,451.61 into the registry of the Court, to be paid to Provident on entry of judgment rescinding the 2020 CGL Policy and the 2020 Excess Policy and declaring them void *ab initio*.

### THIRD CAUSE OF ACTION
### RESCISSION OF THE 2021 CGL POLICY AND 2021 EXCESS POLICY

54. In support its Third Cause of Action, Trisura incorporates the statements made in the preceding paragraphs.

55. Trisura is entitled to rescind the 2021 CGL Policy and the 2021 Excess Policy, pursuant to Texas Insurance Code Chapter 705.

56. Provident warranted that the statements in the 2021 Application were true and correct, and that it had made reasonable inquiry to ensure the accuracy of its representations. Provident misrepresented to Trisura that no crimes had occurred or been attempted at its premises in the past three years. In addition, Provident, through its agent, submitted a supplemental

application dated November 19, 2021 ("2021 Supplemental Application"), in which it agreed as follows:

> "I hereby apply for a policy of insurance as set forth in the application and I certify that all the information provided by me in this application is true and complete. I understand that any policy which may be issued by the company will be issued on the basis of and in reliance upon my statements in this application. I agree that such policy shall be null and void if any such statements are false, misleading or incomplete.

57.  In addition to this warranty by Provident, Provident's retail insurance agent warranted as follows:

> "I hereby warrant and certify that all information contained in this application is correct and complete to the best of my knowledge and belief, that this application was completed and personally signed by the applicant and that a completed copy hereof has been given to the applicant.

The 2021 Supplemental Application was signed by Provident's retail agent, Erin Games, as well as by the insured.

58.  In reliance on Provident's representations in the 2021 Application and the 2021 Supplemental Application, as well as the representations made in the 2019 Application and 2020 Application, which caused Trisura to initially accept this risk, Trisura renewed Provident's coverage and issued the 2021 CGL Policy and 2021 Excess Policy.

59.  Provident understood that the representations made in the 2021 Application and 2021 Supplemental Application would be considered in deciding whether to issue the 2021 CGL Policy and the 2021 Excess Policy.

60.  The 2021 Application was false in a material point, at the very least, because Provident untruthfully represented, with intent to deceive Trisura, that no crimes had occurred or been attempted on its premises during the three-year period preceding the date of the 2021 Application. Provident warranted that it had made reasonable inquiry in order to obtain the answers

to the questions on the 2021 Application. With even the most minimal inquiry, Provident must have known about the circumstances surrounding the criminal activity at its properties.

61. Trisura issued the 2021 CGL Policy and 2021 Excess Policy in reliance on the materially false 2021 Application, as well as the materially false 2020 Application and 2019 Application. Had Trisura been aware of the omitted facts, circumstances, and situations, it would not have issued the 2021 CGL Policy and 2021 Excess Policy at all, let alone for the same premium and on the same terms and conditions.

62. Notice of rescission is hereby given, and once this action has commenced, Trisura will file a motion under Local Rule 67(b) requesting leave of court to deposit Provident's premiums in the sum of $169,436.00 into the registry of the Court, to be paid to Provident on entry of judgment rescinding the 2021 CGL Policy and the 2021 Excess Policy and declaring them void *ab initio*.

## PRAYER

**WHEREFORE**, Plaintiff Trisura Specialty Insurance Company respectfully requests that the Court:

(1) Order, adjudge, and decree that the 2019 CGL Policy is rescinded, in its entirety, and void *ab initio*;

(2) Order, adjudge, and decree that the 2019 Excess Policy is rescinded, in its entirety, and void *ab initio*;

(3) Order, adjudge, and decree that the 2020 CGL Policy is rescinded, in its entirety, and void *ab initio*;

(4) Order, adjudge, and decree that the 2020 Excess Policy is rescinded, in its entirety, and void *ab initio*;

(5) Order, adjudge, and decree that the 2021 CGL Policy is rescinded, in its entirety, and void *ab initio*;

(6) Order, adjudge, and decree that the 2021 Excess Policy is rescinded, in its entirety, and void *ab initio*;

(7) Award Trisura any such other and further relief as is just and appropriate.

                                                            Respectfully submitted,

                                                            */s/ Beth Bradley*
                                                            Beth Bradley
SBN 06243900
bethb@tbmmlaw.com
Lori Murphy
SBN 14701744
lorim@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199

**ATTORNEYS FOR PLAINTIFF TRISURA SPECIALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on May _____, 2023, I served the foregoing document on counsel of record via electronic means in accordance with the Federal Rules of Civil Procedure.

                                                            */s/ Beth Bradley*
                                                            Beth Bradley